**LEAANA FUATA, for himself and members of the PELE-LEAANA FAMILY of the Village of Laulii, Plaintiffs**

**v.**

**LORETTA LABAN, Defendant**

High Court of American Samoa
Land and Titles Division

LT No. 29-89

September 11, 1989

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Plaintiffs, Tau'ese P.F. Sunia
For Defendant, Gata E. Gurr

*Facts*

Plaintiff is registered as the holder of the matai title Leaana of Lauli'i. He brings suit on behalf of the Mulitauaopele/Leaana family to enjoin certain construction undertaken by defendant, allegedly without authority, on the family's communal land "Pataua."

Defendant, Loretta Laban, is a blood member of the family and a non-matai. She claims that the late Mulitauaopele Tamotu had assigned to her the site where the disputed construction is located, and that the work being undertaken on the site is actually the rebuilding of her home which had been previously destroyed by fire. She adds that if construction is enjoined, she would suffer economic harm in the way of liquidated damages payable to her contractor at the rate of $1,700 per week.

Both sides acknowledge that the senior matai with pule over family lands is the holder of the title "Mulitauaopele" (hereafter "Pele").

However, this title is currently vacant and a dispute about who may act for the family in the absence of a senior matai arose in the following circumstances.[1] It is common knowledge in American Samoa that the relevant government authorities require the land owner, or senior matai in case of communal land, to sign off on building permit applications. The signing of building permits has taken on very significant implications in the communal context. It is indeed an act of "pule." When Leaana and other family members checked into the permit issued by the government to the defendant, they discovered that "Pataua" is stated to be owned by one "Konelio Pele." Konelio is a non-matai family member and a contender for the family's senior matai title. (In his bid for the family title, Konelio is supported by the defendant.) He admitted signing defendant's permit application because, as he said, Leaana was off-island at the time.

Defendant's position, as she testified, is that even if plaintiff was on island at the time, she would not have sought his approval of her permit application. She maintains that "Leaana" is the traditional designation for the head of the aumaga (kava bearers), and accordingly she does not recognize Leaana as a matai of the family with matai authority.

Plaintiff, who is also a contender for the Pele title, claims that in the absence of the senior matai, the Leaana titleholder is the next matai in rank with the appropriate family authority to sign on government papers concerning family assets. He acknowledged that he was not against the rebuilding of defendant's house and would have approved, on behalf of the family, defendant's permit application if she had properly requested him to do so. What plaintiff does consider objectionable is the apparent attitude that without a senior matai there is no family control and that therefore people like the defendant may do as they please without regard for family norms. For example, plaintiff spoke of defendant's stubborn refusal to bury her father's body within the family's designated burial ground. Instead, and over plaintiff's objection, she had her father interred at a site within the family's already limited residential resources. Now she has been instrumental in the usurpation of the matai's function and authority by a non-matai of the family, Konelio.

---

[1] The evidence also shows that, without a sa'o, the family has become divided as a result of ongoing and competing succession claims to the senior matai title. Indeed the matter before us clearly appears to be an extension of that title dispute adding intensity to the division.

*Discussion*

A.S.C.A. § 43.1301(j)(1)(2) sets out what are "sufficient grounds" for issuance of a preliminary injunction. That is, there is a substantial likelihood that the applicant would prevail at trial on the merits and that great injury will result to the applicant before a full trial may be had.[2]

We turn to the merits of the application and find that the evidence preponderates in favor of plaintiff's version of family authority in the absence of the senior matai. We further find that defendant Laban's permit application was undertaken in defiance of the traditional role of family matai and without any regard whatsoever for the communal interest. Her collaboration with a non-matai was indeed contemptuous of the family and the matai, and the evidence strongly suggests that her actions were principally motivated by the underlying matai title dispute. (Konelio candidly admitted that he had never before assumed approval authority on the family's behalf. At the same time, defendant's justification of her actions --- the claim that Leaana is not a matai --- simply bespeaks obstinacy. Her claim is not only inconsistent with the legal reality that the territorial Matai Registry (kept in accordance with the requirements of A.S.C.A. § 1.10401 et seq.) recognizes the "Leaana" as a matai title, but also inconsistent with the fact that the Leaana takes a kava cup at village council meetings.

Plaintiff's complaint on behalf of the family is well taken. Since Konelio did not have the pule to sign building permit applications, the ongoing construction work by defendant will not only be regarded by family members as unauthorized but, as plaintiff suggests, a disdainful display of contempt for communal authority. Individual family members

---

[2] *Cf.* A.S.C.A. § 43.0303. The Land and Titles Division, in *Talili v. Satele*, 3 A.S.R.2d 36 (1986), referred to this enactment in the following terms:

> [I]n apparent recognition of the unusual nature of the interests often being asserted in Samoan land disputes, the Fono has provided that in such disputes a Justice of the High Court may make such 'preliminary orders as to him seem just to restrain any Samoans from ... exercising any right or doing any act, matter, or thing concerning or affecting any Samoan land' pending the outcome of the litigation, without requiring that any specific irreparable harm be shown.

*Id.* at 38-39.

simply should not be allowed to do as they, see fit with communal assets whenever the family is without a sa'o.

Notwithstanding, we are of the opinion that it would not be appropriate to enjoin construction. A preliminary injunction to stop construction would, in the circumstances, serve no other purpose but to punish defendant for past deeds. Punishment is not the purpose behind injunctive relief. Additionally, we are also mindful of the following factors: the home site in question is after all the site duly designated by the late senior matai, Pele Tamotu, to defendant Laban --- this claim was not controverted; defendant is rebuilding on the exact same site of her previous house which was destroyed by fire; plaintiff does not really object to defendant's entitlement to a home on communal land; defendant is liable to her contractor for a liquidated damages sum of $1,700 per week whether the construction work proceeds or not; and the normal requirement of security or bond is not applicable. *See* A.S.C.A. § 41.1309(b).

The only continuing wrong which defendant is guilty of is not so much the rebuilding of her home, but her allowing a public record to misrepresent family land "Pataua" as being owned by Konelio Pele.[3] We conclude that the continuance of that misrepresentation may be enjoined under A.S.C.A. § 43.0303. *See Talili v. Satele*, 3 A.S.R.2d 36 (1986).[4]

*Conclusion*

Accordingly, a preliminary injunction will issue enjoining defendant, Loretta Laban, and those in active concert with her, from perpetuating on public record, to wit her building permit and application

---

[3] Perhaps defendant is also guilty under Samoan custom of failing to atone or make amends to family dignity for her flagrant breach of customary norms and effrontery displayed to the family's matai. This is something, however, beyond the realm of the Court.

[4] No one raised the prohibition contained in A.S.C.A. § 41.1309, which requires that, in the absence of a sa'o, injunctive actions concerning matters of communal land within the family may only be brought by "two" blood male matai of the family. Did not Leaana require another male blood matai of the family to join him in the application for injunctive relief? May we assume, as we must with the result we reach, that the statutory prohibition does not apply to a family whose traditions are such that family authority passes to the next ranking titleholder upon the death or incapacity of the sa'o?

therefor, the misrepresentation that the land "Pataua" is owned by Konelio Pele. Defendant shall have 10 days from date of entry hereof to rectify her building permit application and building permit to properly reflect family ownership and family approval given under the signature of Leaana.

It is so Ordered.